UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT ATLAS, | No. 2:17-cv-00286 AC P |
| Plaintiff, | |
| v. | ORDER |
| ROBERT FOX, et. al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint (ECF No. 1), plaintiff has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. ECF No. 2.

**I.  Application to Proceed In Forma Pauperis**

The court has reviewed plaintiff's application and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.  Screening Requirements**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading

in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

### III. Screening Order

Plaintiff alleges that, on April 25, 2016, California Correctional Health Care Services (CCHCS) informed him about a potential breach of his personal information. ECF No. 1 at 3. An unencrypted laptop with some of his personal records and medical files was stolen from the personal vehicle of a CCHCS employee on February 25, 2016. <u>Id.</u> Plaintiff states that a third party is now maliciously using his personal information. <u>Id.</u> He argues that, as a result of this breach of personal information, the named defendants have directly violated his rights under the "Confidentiality Act of Code § 56." <u>Id.</u> Plaintiff also contends that the named defendants failed to properly train their employees to safeguard inmate personal data. <u>Id.</u> at 4. These claims will be dismissed with leave to amend.

First, plaintiff has failed to allege that he has been injured or that he is under threat of injury as a result of defendants' actions. To establish standing to sue, plaintiff must demonstrate that "he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." <u>Summers v. Earth Island Inst.</u>, 555 U.S. 488, 493 (2009). Here, plaintiff alleges that he believes that his information is "being pass[ed] around." ECF No. 1 at 3. He offers no substantive allegations to support this conjecture. One exhibit attached to the complaint indicates that plaintiff may have been a victim of past identity theft, but the letter in question is dated October 16, 2014. <u>Id.</u> at 21. It is impossible to conclude that this past identity theft is relevant to the immediate allegations given that plaintiff alleges that the breach in this case occurred in February of 2016.

Second, plaintiff has failed to explain how each of the defendants violated his rights. He has not, for instance, described how each of the defendants was personally involved in the failure to safeguard his data. Nor can plaintiff proceed simply by offering the conclusory allegation that the defendants failed to train CCHCS employees in data protection. The complaint fails to

3

indicate whether each of the named defendants had any actual responsibility for such training. More importantly, there is no indication that any of the defendants had any role in training the employee whose laptop was stolen in February of 2016. Finally, there is no respondeat superior liability under section 1983. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

**IV.     Leave to Amend**

Plaintiff's complaint is dismissed with leave to amend. If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Forsyth v. Humana, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Lengthy, unbroken paragraphs can be difficult to read when handwritten and plaintiff would do well to avoid them wherever possible.

## V. Summary of the Order

You have been granted in forma pauperis status and will not have to pay the entire filing fee immediately.

The court has found that your claims, as stated, are not suitable to proceed. You have not shown that you have been injured or are under threat of injury as a result of your data being disclosed. You have also failed to show that each of the three defendants was personally involved in either the loss of your information or in training the employee whose laptop was stolen.

You are being given a chance to submit an amended complaint which fixes the problems with your claims.

## VI. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's complaint is dismissed with leave to amend within 30 days of service of this order.
4. Failure to comply with this order may result in dismissal of this action.

DATED: June 19, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE