UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT ATLAS,<br><br>        Plaintiff,<br><br>    v.<br><br>ROBERT FOX, et al.,<br><br>        Defendants. | No. 2:17-cv-0286 MCE AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. For the reasons stated below, the undersigned will vacate the outstanding recommendation that this matter be dismissed for failure to prosecute. See ECF No. 13. Plaintiff will be granted one final opportunity to amend his complaint.

I.     RELEVANT PROCEDURAL HISTORY

On February 10, 2017, plaintiff filed a complaint in this court. ECF No. 1. In it, plaintiff alleged that his equal protection and due process rights were violated when, on February 25, 2016, a prison laptop was stolen which resulted in someone using his personal identification and protected medical information. See id. at 3-4. On June 20, 2017, after screening the complaint, the court determined that plaintiff's two claims were without merit because (1) plaintiff had failed

1

to allege that he had been injured or that he was under threat of injury as a result of defendants' actions, and (2) plaintiff had failed to state how each named defendant had violated his rights. See ECF No. 1 at 3-4. As a result, the court ordered plaintiff to file an amended complaint. ECF No. 5.

On July 28, 2017, the court, sua sponte, granted plaintiff an additional thirty days within which to file the amended complaint. See ECF No. 8. On August 10, 2017, plaintiff filed "objections" to the order. See ECF No. 9. On August 15, 2017, the court gave plaintiff an additional thirty days within which to file the amended complaint. ECF No. 10.

On September 28, 2017, plaintiff filed a motion for an extension of time to file the amended complaint, which was granted. See ECF Nos. 11, 12. Thereafter, plaintiff again failed to file a timely amended complaint. As a result, on November 17, 2017, the undersigned issued findings and recommendations which recommended that the matter be dismissed for failure to prosecute. ECF No. 13. A decision on those recommendations remains pending. On November 27, 2017, plaintiff finally filed a first amended complaint. ECF No. 14. Plaintiff objected to the outstanding findings and recommendations to dismiss on December 8, 2017. ECF No. 15.

II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th

2

Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III. PLEADING STANDARD

    A. Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source

////

of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); see also Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

### B. Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Iqbal, 556 U.S. at 676.

## IV. DISCUSSION

### A. Plaintiff's First Amended Complaint

Plaintiff has filed a FAC as he was directed, although belatedly. See ECF Nos. 5, 14. Consequently, the court will vacate its November 17, 2017, Findings and Recommendations to the extent they recommend that this action be dismissed for failure to prosecute. See generally ECF No. 13.

////

In the FAC, plaintiff identifies the California Department of Corrections and Rehabilitation ("CDCR"); the California Medical Facility ("CMF"); Robert Fox, the Warden of CMF; J. Lewis, the Deputy Director of Policy and Risk Management Services at California Correctional Health Care Services ("CCHCS"), and Does 1 through 60[1] as defendants. See ECF No. 14 at 2-4. Plaintiff alleges that his rights under the First, Eighth and Fourteenth Amendments, his rights under the Americans with Disabilities Act ("ADA"), and his rights under state law were violated when "his personal medical information was discovered outside the protection." See generally id. at 1, 5-6.

The complaint does not clearly identify its claims or set forth discrete causes of action. Instead, the body of the complaint consists of a statement of "factual allegations common to all claims," followed by a prayer for relief. Id. at 4-7.

Plaintiff states in relevant part:

> Plaintiff is a pro per litigant currently confined at the California Medical Facility (CMF) with both physical and mental impairments necessitating treatment for his serious medical needs. While receiving treatment for those serious medical needs, his personal medical information was discovered outside the protection. When an appeal was thereafter filed, Plaintiff began to suffer adverse events casually connected to filing grievances, a connection to prior events involving the unlawful use of personal information by unauthorized individual(s) who, without Plaintiff's permission or knowledge, willfully [sic], knowingly, intentionally and with reckless and/or deliberate indifference to Plaintiff's rights under state and federal law.

ECF No. 14 at 1-2 (brackets added) (paragraph numbering omitted).

The FAC alleges that the California Department of Corrections and Rehabilitation ("CDCR") failed to make modifications in its policies, practices and procedures and failed to train its officers who routinely access plaintiff's personal information. See ECF No. 14 at 2. It

---

[1] Defendant Does 1 through 20 are CCHCS employees who are "responsible for the maintenance and protection of California Prisoner's [sic] confidential medical information." Defendant Does 21 through 40 are "responsible for the training of all California Correctional Health Care Personnal [sic]" who control, have contact with or otherwise possess "California State Prisoner Health Care Personal/Medical Information secured [sic]." Defendant Does 41 through 60 are "individuals or persons who's [sic] identities and job descriptions are presently unknown to Plaintiff at this time." See ECF No. 14 at 3.

purports to sue the CDCR under the ADA.  See id. at 3.  It goes on to generally state that "the unlawful use of [plaintiff's]personal information" resulted in "a criminal prosecution; several collection agencies seeking unauthorized billings charged against [him] . . . [and the] threat of future fraudulent unauthorized disclosure(s) for personal gain."  See id. at 6 (brackets added).  The FAC also alleges that an unidentified "perpetrator" and "conspirators" used plaintiff's medical information and filed fraudulent tax returns.  See generally id. at 4-5.  The FAC goes on to make additional incomplete and/or nonspecific assertions which may or may not be intended to support additional claims.  For example, plaintiff alleges that the disclosure of his personal information led to the filing of a case in Orange County Superior Court.  See id. at 4.  However, he fails to state the type of case it was, how it relates to him, or whether any of the named defendants were involved in that matter.  See generally ECF No. 14.  Instead, plaintiff asserts that without his consent, the CDCR cashed a check that had been sent to him for opting out of that Orange County action.  See id. at 4.

Plaintiff also takes issue with the fact that prison officials denied him the opportunity to pursue an administrative grievance[2] in the form of a class action.  See id. at 4.  Finally, plaintiff suggests a putative Eighth Amendment deliberate indifference claim, by stating that he suffers from various serious medical conditions and that he "is currently being forced to suffer severe pain unnecessarily."  Id. at 2.  No additional information is provided in support of such a claim.  See generally ECF No. 14.

    B.    Analysis

        1.    Failure to Safeguard Personal and Medical Information

Plaintiff's FAC makes broad, general, and unrelated assertions.  It fails to specify any cause(s) of action, and provides no link between any of the harms plaintiff alleges he has experienced and the specific actions of any of the named defendants.[3]  See generally ECF No. 14.

---

[2] Although the nature of the grievance is unidentified by plaintiff (see generally ECF No. 14), the court presumes that it relates to the alleged theft of his personal and medical information.

[3] The fact that the FAC was not filed on the court's civil rights complaint form may have contributed to its chronic lack of clarity and disorganization.  As a result, the court will order plaintiff to file any amended complaint he submits on the court's civil rights form.

6

As a result, even when attempting to construe the FAC in a light most favorable to plaintiff as the law requires (see Jenkins, 395 U.S. at 421), the court can identify no cognizable claims.

An amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). It appears from review of the FAC and the original complaint that plaintiff seeks relief on the primary ground that his personal and medical information was improperly obtained and used by a third party for illegal activity following the theft of a prison employee's laptop, and that collection agencies are now seeking to hold plaintiff liable for debt fraudulently incurred.

Assuming this is what plaintiff is attempting to assert in the FAC, he has failed to state a claim. The allegations of the FAC do not show the violation of any specific right that is guaranteed to plaintiff under the U.S. Constitution or under federal law. Section 1983 claims must allege deprivations of rights, privileges or immunities secured by the Constitution and laws of the United States. See Wilder, 496 U.S. at 508. Plaintiff's general claim that his Eighth, Fifth and Fourteenth Amendment rights have been violated (see ECF No. 14 at 1), without more, is not enough. See Iqbal, 556 U.S. at 678 (stating threadbare recitals of the elements of a cause of action, supported by mere conclusory statements are insufficient). Moreover, the FAC does not show how any putative constitutional violations were committed by individuals who were acting under color of state law. See West, 487 U.S. at 48; see also Ketchum, 811 F.2d at 1245. On the contrary, plaintiff has not alleged anywhere in the FAC that it was defendants who, in their capacities as state employees and acting as such, unlawfully accessed his personal and medical information which, in turn, directly led to plaintiff's harm.

To the extent that plaintiff intends to argue that it was defendants' carelessness or negligence as state actors that led to the laptop theft which, in turn, led to plaintiff's harm by an unrelated third party, this claim is not actionable, either. "It is well established that negligent conduct is ordinarily not enough to state a claim alleging a denial of liberty or property under the Fourteenth Amendment." See Doe v. Beard, 2014 WL 3507196, *6 (C.D. Cal. July 14, 2014),

7

citing Daniels v. Williams, 474 U.S. 327, 330 (1986); Davidson v. Cannon, 474 U.S. 344, 347 (1986) ("[T]he Due Process Clause of the Fourteenth Amendment is not implicated by the lack of due care of an official causing unintended injury to life, liberty or property.  In other words, where a government official is merely negligent in causing the injury, no procedure for compensation is constitutionally required.").  Furthermore, plaintiff makes no allegation that the third party who actually used his information and caused him harm was a person acting under color of law.  See West, 487 U.S. at 48; see also Ketchum, 811 F.2d at 1245.  The remoteness of the injurious consequence to plaintiff (here, misuse of his stolen information by third parties) from the actions of any defendant defeats recovery under § 1983.  See Martinez v. California, 444 U.S. 277 (1980).

Finally, to the extent that plaintiff asserts that harm might come to him in the future due to defendants' negligence (see ECF No. 14 at 6), this allegation does not support a claim for relief.  While potential future harm can in some instances confer standing, plaintiffs must face "a credible threat of harm" that is "both real and immediate, not conjectural or hypothetical."  Krottner v. Starbucks Corp., 628 F.3d 1139, 1143 (9th Cir. 2010) (citations and internal quotation marks omitted) (holding that threat of potential identity theft created by theft of a laptop known to contain plaintiffs' unencrypted names, addresses, and social security numbers was sufficient to confer standing, but that "more conjectural or hypothetical" allegations would make threat "far less credible"); Clapper v. Amnesty Int'l USA, 568 U.S. 398, 409 (2013) ("[A]n injury must be concrete, particularized, and actual or imminent.") (citation and internal quotation marks omitted).

   2.   Deliberate Indifference

To the extent plaintiff intends to raise the issue of deliberate indifference as a separate ground for relief, (1) the FAC fails to state a claim and (2) any such claim is improperly included in this lawsuit.  First, plaintiff fails to show how the severe pain that he is suffering relates to his stolen information and/or to the theft of the laptop.  See generally ECF No. 14.  In addition, this claim was not alleged in plaintiff's original complaint filed on February 10, 2017.  See generally
////

ECF No. 1. A plaintiff may not change the nature of this suit by alleging new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Moreover, the allegations of the FAC fail to state an Eighth Amendment claim. Plaintiff's allegation that he "is currently being forced to suffer severe pain unnecessarily (ECF No. 14 at 2)," is vague. According to plaintiff, he suffers from various serious medical conditions, including, but not limited to: hepatitis-C, thyroid cancer, and diabetes. See id. at 2. Plaintiff does not, however, describe the type of pain he is experiencing or at which of the named defendants' hands he is experiencing it. To state a claim for deliberate indifference to serious medical needs, plaintiff must identify the specific acts or omissions of specifically identified defendants that have caused his pain. Moreover, he must allege facts that establish the defendants acted with a sufficiently culpable state of mind. This requires allegations demonstrating that the defendants objectively knew of plaintiff's serious medical needs and subjectively knew that their actions or omissions would cause further injury or pain. See Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

The FAC falls far short of these pleading requirements. As previously noted, a deliberate indifference claim is unrelated to the gravamen of the complaint. Accordingly, plaintiff should pursue it in a separate lawsuit if at all.

### 3. Denial of Opportunity to File Class Action Administrative Grievance

As for plaintiff's assertion that he was denied the opportunity to file a class action grievance within the prison, this allegation fails to state a claim for relief. Prisoners have no constitutional right to a prison grievance procedure. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).

V.   AMENDING THE COMPLAINT

Plaintiff will be given the opportunity to amend his complaint. If plaintiff chooses to file an amended complaint, it will take the place of all previous complaints. See Lacey v. Maricopa Cty., 693 F.3d 896, 925 (9th Cir. 2012) (stating amended complaint supersedes original complaint). Any amended complaint filed should observe the following:

////

1 An amended complaint must identify as a defendant only persons who personally
2 participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v.
3 Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a
4 constitutional right if he does an act, participates in another's act or omits to perform an act he is
5 legally required to do that causes the alleged deprivation).

6 An amended complaint must also contain a caption including the names of all defendants.
7 Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated
8 claims. See George, 507 F.3d at 607.

9 Any amended complaint must be written or typed so that it is complete in itself without
10 reference to any earlier filed complaint. See E.D. Cal. L.R. 220. This is because an amended
11 complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the
12 earlier filed complaint no longer serves any function in the case. See Loux v. Rhay, 375 F.2d 55,
13 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated
14 thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896
15 (2012).

## VI. PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

Your first amended complaint is being dismissed. You are, however, being given a final opportunity to amend your complaint.

Your first amended complaint is being dismissed with leave to amend primarily because it is difficult for the court to identify the particular claims you are trying to raise. If you file an amended complaint, please use the Civil Rights Complaint By A Prisoner form that the Clerk of the Court will send to you. When you fill out the form, please make certain that your answers to the questions on the form are brief and clear.

Your Second Amended Complaint should provide the information and address the problems identified above. If you were trying to raise different claims other than those mentioned in this order, please do so in the Second Amended Complaint that you file. All the claims must relate to the incident that you alleged in your original complaint, namely, the unlawful use of your personal and medical information due to the theft of a prison employee's laptop and the harm that

this caused you.  If you include any unrelated claims, the magistrate judge will recommend that they be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. The Order and Findings and Recommendations issued by this court on November 17, 2017 (ECF No. 13) are VACATED IN PART to the extent that they recommend that this action be dismissed for failure to prosecute;

2. The first amended complaint is DISMISSED with leave to amend;

3. Plaintiff shall file a second amended complaint within thirty days of service of this order;

4. The amended complaint shall be filed on a copy of this court's Civil Rights Complaint By A Prisoner form;

5. The Clerk of the Court is directed to send plaintiff a copy of this court's Civil Rights Complaint By A Prisoner form, and

6. The complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."  Plaintiff must file an original and two copies of the amended complaint.  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

DATED: March 4, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE